**FILED**

2010 Sep-08  PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GGC CONSTRUCTION, LLC,; EUGENE FLOOD and MARGO FLOOD, d/b/a GGC CONSTRUCTION, LLC. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: ) |
| BENCHMARK INSURANCE COMPANY and APPALACHIAN UNDERWRITERS, Inc. | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, the Defendants designated as Benchmark Insurance Company ("Benchmark") and Appalachian Underwriters, Inc. ("Appalachian") hereby file this Notice of Removal of said action from the Circuit Court of Madison County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. As grounds for this removal, Defendants state as follows:

1.      Plaintiffs GGC Construction LLC, Eugene Flood and Margo Flood d/b/a GGC Construction, LLC (collectively "Plaintiffs") instituted this action against Benchmark and Appalachian in the Circuit Court of Madison County, Alabama on August 3, 2010.  Benchmark and Appalachian were both served on August 9, 2010.   Said case is Civil Action No. CV 2010 - 900983 on the docket in the Circuit Court of Madison County, Alabama.

2.      Plaintiff GGC Construction, LLC is, and was at the time of the commencement of this action, an Alabama limited liability company with its principal place of business in the State of Alabama. (Complaint ¶ 1 attached hereto as Exhibit "A").

1

3.     Plaintiff Eugene Flood, an individual, currently resides, and at the time of the commencement of this action resided, in the State of Alabama. (Complaint ¶ 2 attached hereto as Exhibit "A").

4.     Plaintiff Margo Flood, an individual, currently resides, and at the time of the commencement of this action resided, in the State of Alabama. (Complaint ¶ 2 attached hereto as Exhibit "A").

5.     Defendant Benchmark is, and was at the time of the commencement of this action, a foreign corporation incorporated under the laws of the State of Kansas with its principal place of business in the State of Minnesota.

6.     Defendant Appalachian is, and was at the time of the commencement of this action, a foreign corporation incorporated under the laws of the State of Tennessee with its principal place of business in the State of Tennessee.

7.     The Complaint was served on Defendants within thirty (30) days prior to the filing of this Notice of Removal and the Notice of Removal is filed with this Court within thirty (30) days of receipt of Plaintiffs' Complaint as required by 28 U.S.C. § 1446(b).

8.     True and correct copies of the Complaint and all process, pleadings, and orders served on the Defendants in this action are attached hereto as Exhibit "A".

9.     No further proceedings have been had in this action.

10.     Plaintiffs' Complaint alleges that one or both Defendants issued liability policies to the Plaintiffs and that Defendants breached the insurance contracts and acted in bad faith in refusing to defend Plaintiffs in an underlying state court action styled *Lovette and Loretta Bennett v. Eugene Flood and Margo Flood d/b/a GGC Construction*, currently pending in the Circuit Court of Madison County, Alabama, docket number CV 09-34 (hereinafter "underlying

2

state court action"). (underlying state court action Complaint and Amended Complaint attached hereto as Exhibit "B" with personal information redacted).

11.     The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. §1332, because: (1) there is complete diversity of citizenship between Plaintiffs and all Defendants, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

12.     In accordance with 28 U.S.C. § 1446(d), Defendants have contemporaneously filed a copy of this Notice of Removal (without exhibits) with the Clerk of the Circuit Court for Madison County, Alabama.

13.     In accordance with 28 U.S.C. § 1446(d), Defendants also gave written notice to Plaintiffs by serving its Notice of Removal on counsel for Plaintiffs.

14.     As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Northern District of Alabama, which is the District Court embracing the place where this action was filed.

**I. There is Complete Diversity Between the Parties**

15.     Plaintiffs are citizens of the State of Alabama. (See Complaint, ¶¶1, 2 attached hereto as Exhibit "A").

16.     Defendant Benchmark is a Kansas Corporation with its principal place of business in Minnesota). (See Kansas Secretary of State business entity search and corporation information from Benchmark Insurance corporate website, each attached hereto as Exhibit "C"). Benchmark is thus a citizen of the State of Kansas and the State of Minnesota.

3

17.     Defendant Appalachian is a Tennessee corporation with its principal place of business in Tennessee.  (See Tennessee Department of State Report with corporation information attached hereto as Exhibit "D").  Appalachian is thus a citizen of the State of Tennessee.

18.     Accordingly, complete diversity of citizenship existed between Plaintiffs and all Defendants at the time Plaintiffs' Complaint was filed, and complete diversity of citizenship exists at the time of removal.

19.     Venue lies in this Court because Plaintiffs' action is pending in this district and division.  See 28 U.S.C. § 1441(a).

**II.  The Amount in Controversy Exceeds the Jurisdictional Amount.**

20.     In the Complaint, Plaintiffs seek an unspecified amount of compensatory and punitive damages for the alleged breach of contract and bad faith.  (Complaint, [w]herefore paragraph following ¶¶ 9 and 12 seeking "a sum in excess of $10,000").

21.     A defendant may remove a suit to a federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy.  See Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair"); Kennedy v. Harris Corp., 728 F. Supp. 453 (E.D. Mich. 1989).  As stated in White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 26 (S.D. W.Va. 1994), the "rule could hardly be otherwise.  For if it were, any Plaintiff could avoid removal simply by declining, as Plaintiff has done here, to place specific dollar value upon its claim."  Id.

22.     Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer."

4

Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on*

*other grounds*, Cohen v. Office Depot, Inc., 204 F3d 1069 (11th Cir. 2000).  Thus, "where a

plaintiff has made an unspecified demand for damages in state court, a removing defendant must

prove by a preponderance of the evidence that the amount in controversy more likely than not

exceeds the [$75,000][1] jurisdictional requirement." Tapscott, 77 F.3d at 1357.

23.     In addition to seeking compensatory damages, Plaintiffs are seeking punitive

damages.  (Plaintiffs' Complaint, [w]herefore paragraph following ¶¶ 12 attached hereto as

Exhibit "A").

24.     It is well-settled that such exemplary or punitive damages are to be included in

analyzing whether the amount in controversy requirement of diversity jurisdiction is met.  See,

e.g. Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462 (S.D. Ala. 1993).  In fact, courts

routinely hold that the seeking of punitive damages by a plaintiff itself (without any

consideration of other damages) meets the jurisdictional amount in controversy for federal court.

See, e.g., Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995)("A court, in applying

only common sense, would find that if the plaintiffs were successful in their punitive damages

claim, they would collect more than [the amount in controversy].  Accordingly, we hold that the

face of the complaint supports the assertion of federal jurisprudence."); Napier v. Wal-Mart

Stores East, LP, 2004 WL 950567 (S.D. Ind. 2004)(noting that the amount in controversy is met

by the seeking of punitive damages alone because the state statute allows punitive damages in

the amount required for the amount in controversy); Smith v. Associates Capital Bank, 1999 WL

33537131 (N.D. Miss. 1999)(stating that "the plaintiffs' inclusion of a claim for punitive

---

[1]   Tapscott was based on the former $50,000 jurisdiction amount under U.S.C. § 1332 as it
existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction
amount to $75,000, so the actual quote from Tapscott says "$50,000."

damages in their original Complaint compels the conclusion…that the plaintiffs' claim for punitive damages alone exceeds the requisite amount in controversy."); Gilmer v. Walt Disney Co., 915 F. Supp. 1001, 1012 (W.D. Ark. 1996).

25.    In the breach of contract claim, Plaintiffs' assert that the Defendants "breached their contractual obligations to Plaintiffs by failing to afford a defense for the claims made by the Bennetts" [underlying state court plaintiffs], and "by refusing to indemnify Plaintiffs under the terms of their liability insurance policy…." (Complaint ¶ 8 attached hereto as Exhibit "A"). Plaintiffs assert they have "incurred substantial legal fees and other expenses in connection with attempting to defend against the claims made by the Bennetts and Plaintiffs have experienced significant and severe mental anguish …." (Complaint ¶ 9 attached hereto as Exhibit "A").

26.    Legal fees, expenses and mental anguish are claimed in the breach of contract claim which is based upon a construction contract in the underlying state court action in the amount of $190,501.80, which also exceeds the $75,000 jurisdictional threshold in this related lawsuit. (construction contract attached hereto contained within Exhibit "B" as an attachment to underlying state court action complaint).

27.    In the bad faith claim, Plaintiffs demand judgment "for bad faith as set forth herein for a sum in excess of $10,000 as compensatory damages and such amount as a jury may deem appropriate to award as punitive damages in these premises." Plaintiffs assert in this claim that they have incurred substantial expenses, attorney's fees and mental anguish. (Complaint ¶ 12 attached hereto as Exhibit "A").

28.    For purposes of establishing the jurisdictional amount, multiple claims for relief can and should be considered together in determining the amount in controversy. 14A Wright and Miller, Federal Practice and Procedure § 3704 (value of claims are added together to

6

determine jurisdictional amount) (<u>citing</u> <u>Bullard v. City of Cisco</u>, 290 U.S. 179 (1933)).

29.     As noted above in addition to compensatory damages, the plaintiffs also claim punitive damages.    The law is clear that a claim for "punitive damages" may augment compensatory damages in determining the amount in controversy.    <u>Bell v. Preferred Life Assurance Society</u>, 320 U.S. 238 (1943); <u>Tapscott</u>, 77 F.3d at 1359; <u>Bolling v. Union Nat. Life Ins. Co.</u>, 900 F. Supp. 400 n. 6 (M.D. Ala. 1995) ("punitive damages, if available, are to be considered in determining the amount in controversy") (<u>citing</u> <u>Holley Equipment Co. v. Credit Alliance Corp.</u>, 821 F. 2d 1531, 1535 (11th Cir. 1987).

30.     The court's decision in <u>Bolling v. Union Nat. Life Ins. Co.</u>, 900 F. Supp. 400 (M.D. Ala. 1995) is instructive.    There the court considered a defendant's attempt to remove a case where the plaintiff did not allege a specific amount in their prayer for relief.    The court first noted that "[p]laintiff has a cause of action for fraud, and therefore may be entitled to punitive damages." <u>Id</u>. at 404.    The court then found that the plaintiff met its burden of showing that the amount in controversy was greater than the $50,000. <u>Id</u>. at 405.

31.     Awards in bad faith cases in Alabama routinely exceed $75,000.    <u>See e.g.</u> <u>Taylor v. Safeway Ins. Co.</u>, July 1998 Circuit Court of Jefferson County, Alabama, CV 97-3120 (award of **$342,500.00** in bad faith case); <u>Nilsen v. Nationwide Ins. Co.</u>, July 1997, Circuit Court of Calhoun County, Alabama, CV 95-176 (award of **$481,112.00** in bad faith case) *reversed on appeal*, 745 So. 2d 264 (Ala. 1998); <u>Slade v. State Farm Fire & Cas. Co.</u>, February, 1997, Circuit Court of Montgomery County, CV 95-458 (award of **$970,350.00** in bad faith and fraud case) *reversed in part and remanded for new trial*, 747 So. 2d 293 (Ala. 1999); <u>Allen v. Liberty Nat'l Life Ins. Co.</u>, August 1995, Circuit Court of Jefferson County, CV 94-3634 (award of **$5,400,000.00** reduced to **$2,700,000.00**, in bad faith case); <u>Allen v. Statesman Nat'l Life Ins.</u>

Co., June 1994, Circuit Court of Houston County, CV-93-196 (award of **$1,325,000.00** and **$750,000.00** in punitive damages in bad faith case).

32.     The Alabama Supreme Court has repeatedly upheld punitive damages awards in bad faith cases where the awards were substantially more than $75,000.00.  See Standard Plan, Inc. v. Tucker, 582 So. 2d 1024 (Ala. 1991)(affirming **$500,000.00** punitive damages and $1,083.19 compensatory damages award in bad faith, breach of contract and negligence case); Principal Fin. Group v. Thomas, 585 So. 2d 816 (Ala. 1991)(affirming **$750,000.00** punitive damages award in bad faith and breach of contract case); United Am. Ins. Co. v. Brumley, 542 So. 2d 1231 (Ala. 1989(affirming **$1,000,000.00** punitive damages and $5,000.00 compensatory damages award in bad faith case); Nationwide Mut. Ins. Co. v. Clay, 525 So. 2d 1339 (Ala. 1987)(affirming **$1,250,000.00** punitive damages award in bad faith case); Intercontinental Life Ins. Co. v. Lindblom, 598 So. 2d 886 (Ala. 1992)(affirming bad faith, breach of contract, misrepresentation and fraud award on condition of remittitur from **$3,012,400.00** to **$1,000,000.00**); Affiliated FM Ins. Co. v. Stephens Enterprises, 641 So. 2d 780 (Ala. 1994)(affirming **$250,000.00** punitive damages award in bad faith and breach of contract case); United Serv. Auto. Ass'n v. Wade, 544 So. 2d 906 (Ala. 1989)(affirming bad faith award on condition that punitive damages award be remitted from $3,500,000.00 to **$1,000,000.00**); Land & Assoc., Inc. v. Simmons, 562 So. 2d 140 (Ala. 1989)(affirming trial court's remittitur of **$600,000.00** from original award of $2,500,000.00 in bad faith, fraud and breach of contract case); First Fin. Ins. Co. v. Tillery, 626 So. 2d 1252 (Ala. 1993)(affirming **$75,000.00** punitive damages and $64,750.00 compensatory damages award in bad faith and breach of contract case); Loyal Am. Life Ins. Co., Inc. v. Mattiace, 679 So. 2d 229 (Ala. 1996)(affirming **$75,000.00** punitive damages and $57,200.00 compensatory damages award in bad faith and breach of

8

contract case).

33.     Even since <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996), Alabama courts have allowed punitive damage awards which, when compared to the allegations in this case, indicate that if punitive damages were awarded, they may exceed the $75,000.00 jurisdictional amount.  For instance, in <u>Foremost Insurance Company v. Parham</u>, 693 So. 2d 409 (Ala. 1997), the Supreme Court of Alabama ordered a substantial remittitur, but still permitted punitive damages with ratios to compensatory damages of approximately 94 to 1 ($175,000.00 punitive to $1,868.30 compensatory) and 121 to 1 ($173,000.00 punitive to $1,429.43 compensatory).  <u>Id.</u>  In <u>BMW of North America v. Gore</u> on remand from the United States Supreme Court's reversal of the punitive damage award, the Alabama Supreme Court reduced the punitive damages to $50,000.00 on an underlying compensatory award of approximately $4,000.00.  <u>BMW of North America v. Gore</u>, 701 So. 2d 507 (Ala. 1997).  This still constitutes a ratio of punitive damages to compensatory damages of 12.5 to 1.  <u>See also</u>, <u>SHIV-RAM, Inc. d/b/a Ramada Inn of Anniston v. McCaleb</u>, 829 So. 2d 299, 317(Ala. 2003)(negligence and wantonness claims verdict of $176,572.82 in compensatory damages and $500,000.00 in punitive damages affirmed).

34.     Both <u>Foremost</u> and <u>BMW</u> involved merely property or economic claims.  <u>BMW</u>, 116 S. Ct. at 1593, 1599 (noting that the jury awarded $4,000.00 in compensatory damages and stating that the "harm BMW inflicted on Dr. Gore was purely economic in nature" and that "BMW's conduct evinced no indifference to or reckless disregard for the health and safety of others"); <u>BMW</u>, 701 So. 2d at 512; <u>Foremost Ins. Co.</u>, 693 So. 2d 409 (Ala. 1997)(awarding total compensatory damages to two Plaintiffs in the amount of $3,297.73 and stating that the "only damage or loss the Plaintiffs suffered was an economic loss, which  consisted of the first

year's insurance premium and interest on that amount from the date of financing to the date of trial").

35.     Based on the foregoing, Defendants have established by a preponderance of the evidence "the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp, *supra*.

36.     In sum, because there is complete diversity of citizenship between Plaintiffs and all Defendants and because the amount in controversy exceeds the $75,000.00 jurisdictional threshold, Defendants may remove this action pursuant to 28 U.S.C. §§1332 and 1441(b).  This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

37.     Furthermore, this notice of removal is timely as it is being filed less than thirty (30) days after Defendants were served with Plaintiffs' Complaint.

38.     The time within which Defendants are required to answer or respond to the Complaint in state court has not expired.

39.     Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, the Defendants will answer and/or present other defenses or objections to the Plaintiffs' complaint.


Respectfully submitted this 8th day of September, 2010.


James A. Kee, Jr. ASB-4314-e68j
Jon M. Hughes ASB-9227-h68j
Cynthia A. Martin ASB-2044-i49c
Attorneys for Benchmark Insurance Company and
Appalachian Underwriters, Inc.

10

OF COUNSEL
KEE & SELBY
1900 International Park
Suite 220
Birmingham, Alabama 35243
(205) 968-9900
(205) 968-9909 (fax)

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th day of September, 2010, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following counsel who are Alafile participants, and I hereby certify that I have served the document to any non-Alafile participants using their email address and/or regular mailing address via U.S. Mail, postage prepaid.

Robert C. Gammons, Esq
Stephens, Millirons, Harrison & Gammons, P.C.
P.O. Box 307
Huntsville, Alabama 35804


OF COUNSEL

11